INTERNATIONAL PAPER COMPANY et al., Appellants,

v.

The STATE of Texas et al., Appellees.

No. 7548.

Court of Civil Appeals of Texas.

Texarkana.

May 26, 1964.

Rehearing Denied June 16, 1964.

———◆———

C. M. Kennedy, Texarkana, Ramey, Brelsford, Hull & Flock, Tyler, for appellants.

Joseph E. Jackson, Long, Strong, Jackson & Strong, LeRoy La Salle, Carthage, for appellees.

DAVIS, Justice.

The State of Texas, as plaintiff, in behalf of the State, and Panola Junior College, Panola County, and the Carthage Independent School District, sued International Paper Company, a corporation, hereinafter referred to as the Paper Company, and a tax collector, Robert Gentry, and his bondsmen, The Travelers Insurance Company, Lawyers Surety Corporation and Great American Indemnity Company, for delinquent taxes on three tracts of land situated in Panola County, Texas. At the beginning of the trial of the case, the State announced that it was no longer claiming any taxes, penalty and interest on the third tract referred to in its amended petition, formerly being in the name of Paul Scott, because all former tax receipts had been located. The State further announced that it had plead no fraud nor collusion, and had no evidence to offer on the part of either of the defendants or their predecessors in title, or the taxing authority who issued the certificates. The suit involves alleged delinquent taxes on a 62 and 13⅓ acre tracts of land. At the time of the purchases of the two tracts of land, the purchasers secured tax certificates by the tax collectors showing all taxes had been paid to and including the years of 1953 and 1958, as provided by the provisions of Art. 7258a, Vernon's Ann.Tex.Civ.St. The Paper Company plead the provisions of Art. 7258a. Gentry and his bondsmen filed pleas to the jurisdiction of the court, and alleged that the suit against them was a different suit than the one for the delinquent taxes, penalty, and interest, and was barred by the two year statute of limitations.

The case was tried before the court, without a jury. The court sustained the pleas of Gentry and his bondsmen and dismissed the suit against them. The court held the tax certificate issued on the 13⅓ acre tract of land was legal and binding. The court further held that the tax certificate issued on the 62 acre tract of land was not legal and binding, and rendered judgment against the Paper Company for the delinquent taxes, penalty, interest and costs of court. The State and the Paper Company noted their exception and have perfected their appeal.

This is the first suit in the State of Texas that involves Art. 7258a of V.A.T.C.S., as amended by the 53rd Legislature in 1953. The Article is quoted in full:

"Art. 7258a. Tax receipt as evidence of payment

Section 1. On and after October 1, 1953, the Tax Collector or his deputy of any county in this State, or any city or political subdivision or tax assessing district within any such county shall, upon request, issue a certificate showing the amount of taxes, interest, penalty and costs due, if any, on the property described in said certificate. A charge of not to exceed One Dollar ($1) may be made for each such certificate issued. When any certificate so issued shows all taxes, interest, penalty and costs on the property therein described to be paid in full to and including the year therein stated, the said certificate shall be conclusive evidence of the full payment of all taxes, interest, penalty and costs due on the property described in said certificate for

all years to and including the year stated therein. Said certificate showing all taxes paid shall be admissible in evidence on the trial of any case involving taxes for any year or years covered by such certificate, and the introduction of the same shall be conclusive proof of the payment in full of all taxes, penalty and costs covered by the same.

"Sec. 1(a). The provisions of this Act shall be applicable only in suits where the State of Texas or any political subdivision thereof sues for unpaid taxes. Such certificate shall not be conclusive in suits in which the title for land is involved in any manner in suits between private citizens. As amended Acts 1953, 53rd Leg. p. 1052, ch. 436, § 1.

"Sec. 2. If any such certificate issued or secured through fraud or collusion, the same shall be void and of no force and effect, and any such Tax Collector or his deputy shall be liable upon his official bond for any loss resulting to any such County or city or political subdivision or tax assessing district or the State of Texas, through the fraudulent or collusive or negligent issuance of any such certificate. Acts 1929, 41st Leg. 2nd C.S. p. 153, ch. 77."

Prior to the enactment in 1953 the Acts of 1929, 41st Leg., 2nd called Session, Sec. 1 of Art. 7258a read, in part, as follows:

"Art. 7258a. Sec. 1. On and after October 1st, 1929, the Tax Collector or his deputy of any county in this State containing 210,000 population or more according to the last preceding federal census, or any city or political subdivision or tax assessing district within any such county shall, upon request, issue a certificate showing the amount of taxes, interest penalty and costs due, if any, on the property described in said certificate."

The State says the trial court erred in holding that the tax certificate issued by the tax collector covering the 13⅓ acre tract of land was legal and binding; that the court erred in sustaining the pleas of jurisdiction of the court and in sustaining the pleas of limitation. It further says the court erred in holding that the Paper Company received and relied upon the tax certificate purporting to cover the 13⅓ acre tract of land which showed that all taxes had been paid because such findings and conclusions are not supported by any evidence; that the trial court erred in holding that the collection of taxes, penalty and interest due on the second tract is barred by reason of the tax certificate on the 13⅓ acre tract because such certificate is insufficient as a matter of law and the Paper Company failed to offer any evidence that it relied on such certificate at the time of the purchase, and subsequent thereto, and it was error for the trial court to deny recovery of the taxes, penalty and interest thereon.

The Paper Company says the court erred in finding and holding that the tax certificates issued on the 62 acre tract of land were insufficient as a matter of law.

There are counter-points by each of the appellants and by the appellees, Gentry and his bondsmen.

The State does not take the position that Art. 7258a is unconstitutional, and deos not assign this as a point of error. In Amerada Petroleum Corporation v. 1010.61 acres of land, et al., 146 F.2d 99, the Federal Court of Civil Appeals of the Fifth Circuit held that the 1929 Act of the Legislature was constitutional. As the result of this decision, the Attorney General of Texas, on January 16, 1951, ruled that Art. 7258a is constitutional by Opinion No. V–1143. In Opinion No. S–82, the Attorney General of Texas ruled that the provisions of Art. 7258a, as amended, in 1953, were mandatory, which required the Tax Collector or his deputy to issue a certificate showing the amount of taxes, penalty, interest and costs

due, if any, on the property described in said certificate. Since there is no contention that Art. 7258a is unconstitutional by assignment of error, the constitutionality is not discussed.

 It seems that the State was suing for delinquent taxes, penalty, interest and costs. The District Court has exclusive jurisdiction for such a suit and to foreclose a tax lien. A suit by the State is governed by different statutes and decisions than those between individuals. At least, the statute of limitation is not applicable. No authorities have been cited that are direct in point by the appellee Gentry and his bondsmen. Since the State did not plead any fraud or collusion and must rely upon the negligent issuance of the tax certificate, it still seems that the District Court has jurisdiction. Art. 7258a provides, in part, as follows:

> "Sec. 2. If any such certificate is issued * * * any such Tax Collector or his deputy shall be liable upon his official bond for any loss resulting to any such County or city or political subdivision or tax assessing district or the State of Texas through the * * * negligent issuance of any such certificate."

It is doubtful that there are any cases direct in point. No authorities have been cited or located. The cases most direct in point are by the Supreme Court of Texas. Jones v. Williams, 121 Tex. 94, 45 S.W.2d 130, 79 A.L.R. 983; State v. Kingham, Tex., 361 S.W.2d 191. In such cases the District Court was given jurisdiction because of the statutes involved and the *penalties*. It seems in this case that other tax collectors and their bondsmen may be liable for the taxes, *penalty*, interest and costs that were incurred by their tax certificates. Since there are questions of fact as to the amount of delinquent taxes, penalty, interest and costs that the former tax collector, Gentry, and his bondsmen may owe, the point of error is sustained, and that part

of the trial court's judgment is reversed and the cause is remanded.

The tax certificate issued on the 62 acre tract of land is referred to in the section as containing 164 acres. The 62 acre tract of land is out of the same survey as several other tracts of land that had previously been owned by C. R. LaGrone. The certificate contains the true name of the owner, the abstract number, the party from whom it was acquired, the name of the original grantee, the total number of acres, and the value of the land as required by Art. 7204, V.A.T.C.S. The certificate shows that all taxes, penalty, interest and costs on the land through the year 1958 had been paid. The Paper Company secured the certificate for one and only one purpose: "To certify that all taxes, penalty, interest and costs had been paid prior to the purchase of the property". The certificate was admissible in evidence, and according to the statute, it was conclusive proof of the payment in full of all taxes, penalty and costs covered by the same. There is only one decision to cite in support of this holding as to tax certificates issued on any Texas land. Amerada Petroleum Company v. 1010.61 acres of land et al., supra, and only two opinions by the Attorney General of Texas hereinabove cited.

In 84 C.J.S. Taxation § 625d, pp. 1246–1249, we find the following:

> "Tax certificate. A statute providing that a tax certificate showing payment of all taxes shall be conclusive evidence of full payment of all taxes provides protection against secret and undisclosed liens and is valid and constitutional. A certificate by a proper officer, as required by statute, showing that the tax on a promissory note has been paid, is presumptive evidence that official acts or duties have been legally performed, and where such certificate substantially conforms to the statute and shows payment of the tax on a note sued on, whether the proper

amount was paid is not a proper issue."

 In 21 A.L.R.2d 1283, Sec. 5, statement that no taxes are due, supplementing 107 A.L.R. 573–575, we find the discussion of legal sufficiency of tax certificates by other states which holds them to be legal and binding. In 51 Am.Juris. 842, Sec. 961, we find the discussion of certificates required by statutes as to conditions of taxes against property. They discussed the unconstitutionality of such a statute and the legal consequences of Acts extinguishing a tax lien, and citing authorities. It appears that Art. 7258a is actually a remedial statute. It gives the citizens of Texas a conclusive right to believe in and rely upon the acts of their officers. At the same time, it does not release or discharge anything except the tax lien. It gives the State the exclusive right to proceed against the Tax Collector and their bondsmen for the taxes, penalty, interest and costs. The purpose of the statute was to relieve the purchasers of property from the secret tax liens upon property for which they have purchased and paid, or obligated themselves to pay for. This relieves the purchaser of the responsibility of buying property and later having a tax lien forced upon the same and requiring him to pay off the tax lien in order to keep his property. It would not be wise to say that the state can create a tax lien upon property by two or more methods. In this case, the 62 acres of land was formerly in the name of C. R. LaGrone, along with other tracts of land in the same survey. He conveyed this tract, along with other tracts, to the Paper Company. Is it possible that the State of Texas, during the time that C. R. LaGrone actually owned the property and rendered it along with other tracts of land as a 164 acre tract, and is at the same time levying taxes on the 62 acre tract of land? At least the tax certificate contains all the requirements that are provided by the statutes.

The question of estoppel has been raised, and it seems that an estoppel will apply in cases where tax certificates have been issued. 51 Am.Juris. 845, Sec. 966; and 19 Am.Juris. 818, Sec. 166.

The tax certificate is legal and binding against the State and in favor of the Paper Company.

The judgment of the trial court assessing taxes, penalty, interest and costs, and creating a tax lien and foreclosing the same against the Paper Company on the 62 acre tract of land is reversed and judgment is here rendered that the State take nothing against the Paper Company by its suit. The judgment of the trial court as to the tax certificate on the 13⅓ acre tract of land in favor of the Paper Company is affirmed. The judgment of the trial court as to the dismissal of the suit as to Robert Gentry and his bondsmen is reversed and the cause is remanded for a trial upon its merits.