

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

November 1, 1971

Hon. Jules Damiani, Jr.
Criminal District Attorney
405 County Courthouse
Galveston, Texas 77550

Opinion No. M-982

Re: May Sec. 3 of Art. 7258b,
V.C.S. be applied retro-
actively?

Dear Mr. Damiani:

We have received your request for an official opinion on the following question:

"Except as to litigation pending when it came into effect, does Article 7258b, Section 3, V.A.T.C.S., operate retrospectively, so that if a tax certificate showing no taxes due (whereas in fact taxes were due) was issued prior to the date such Article took effect, and under either Article 7258b or Article 7258a /repealed7, V.A. T.C.S., the Tax-Assessor Collector might never- theless issue upon request a cancellation certi- ficate, relieving the current owner and the property of the tax liability, such owner not being the person in whose name the taxes became delinquent?"

Your question asks whether the procedure provided by Article 7258b is available for periods prior to the effec- tive date of the statute. Our answer is Yes.

This Sec. 3, in its relevant portion, reads as follows:

"In the event a tax certificate is issued showing no taxes, interest, penalty, and costs due, when in fact taxes, interest, or penalties were due, and the owner of the land is not that person under whom the taxes, interest, penalty, and costs became delinquent, the tax collector

-4788-

may issue, on request, a certificate relieving
the property from liability and stipulating that
the delinquent taxes, interest, penalty, and
costs are thereafter the personal liability of
the person under whom the taxes became delin-
quent. . . . Thereafter, this cancellation certi-
ficate shall be conclusive proof for all purposes
that neither the land nor the present owner is
liable for the delinquent taxes, interest, pen-
alty, and costs."

Article 7258b is a remedial statute.  It repealed and
replaced Article 7258a which was very similar in nature and
which had been expressly declared by two court decisions to
be remedial and equitable in nature.  International Paper
Co. v. State, 380 S.W.2d 18 (Tex.Civ.App. 1964, error ref.
n.r.e.), and Amerada Petroleum Corp. v. 1010.61 Acres of Land,
146 F.2d 99 (5th Cir. 1944).  These factors amply support
retroactive application of Section 3 and an affirmative an-
swer to your question.

The presumption against retroactive application is not
applicable under the circumstances here presented.  See
please:  May v. Curry, 385 S.W.2d 603 (Tex.Civ.App. 1964,
error ref. n.r.e.);  Holt v. Wheeler, 301 S.W.2d 678 (Tex.
Civ.App. 1957, error dism.); Falls v. Key, 278 S.W. 893
(Tex.Civ.App. 1925, error dism.); 52 Tex.Jur.2d 51, Statutes,
Sec. 28; also 21 A.L.R.2d 1278, 1280-1282 and 107 A.L.R. 578,
et.seq.

The only exclusion from the relief afforded concerns
matters in litigation.  Article 7258b, Sec. 6.  Our holding
allows all property owners who have relied upon tax certi-
ficates lawfully issued under both Articles 7258a and 7258b
to relieve themselves from the claim and their property from
the undisclosed tax lien against which they had used all the
diligence that both the law and equity required of them.
This purpose is stated by the Court in the International
Paper Co. case, supra, wherein the Court held,

". . . It appears that Article 7258a is
actually a remedial statute.  It gives the
citizens of Texas a conclusive right to be-
lieve in and rely upon the acts of their

Hon. Jules Damiani, Jr., page 3    (M-982)

officers.  At the same time, it does not
release or discharge anything except the
tax lien.  It gives the State the exclusive
right to proceed against the Tax Collector
and their bondsmen for the taxes, penalty,
interest and costs.  The purpose of the
statute was to relieve the purchasers of
property from the secret tax liens upon
property for which they have purchased and
paid, or obligated themselves to pay for.
This relieves the purchaser of the respon-
sibility of buying property and later having
a tax lien forced upon the same and requiring
him to pay off the tax lien in order to keep
his property."  (at p. 22).

## S U M M A R Y

The provisions of Sec. 3 of Article 7258b,
V.C.S. should be applied retrospectively to
authorize issuance of the cancellation certi-
ficate therein authorized, and when authorized,
to cover all tax certificates showing no taxes
due which had been previously and lawfully
issued under both Article 7258a V.C.S. /repealed7,
and Article 7258b, V.C.S.

Yours very truly,

CRAWFORD C. MARTIN
ATTORNEY GENERAL OF TEXAS

Prepared by S. J. Aronson
Assistant Attorney General

Hon. Jules Damiani, Jr., page 4    (M-982)

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Harriet Burke
William Craig
Max P. Flusche
Robert Lemens

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant