

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

January 5, 1993

Honorable Tim Curry
Criminal District Attorney
Tarrant County
Justice Center
401 West Belknap
Fort Worth, Texas 76196-0201

Opinion No. DM-195

Re: Whether a proceeding to recover excess proceeds after a tax lien foreclosure requires a separate cause of action, and related question (RQ-456)

Dear Mr. Curry:

You have requested that we construe section 34.04 of the Tax Code with regard to the following two questions:

1) Does Tax Code §34.04 require a new lawsuit, separate from the suit to foreclose the tax lien, in a proceeding to recover excess tax proceeds?

2) Does Tax Code §34.04 require personal service on the parties and the county attorney or district attorney in a proceeding to recover excess tax proceeds?

Chapter 34 of the Tax Code provides, in part, for the sale of property that has been seized pursuant to foreclosure of a tax lien. *See* Tax Code § 34.01(a). The officer conducting the sale is to apply the proceeds of the sale first toward the costs of the sale. *Id.* § 34.02(a). Next, the officer is to distribute proceeds to all taxing units that participated in the sale for the payment of taxes, penalties, and interest due each taxing unit. *Id.* Finally, the officer is to pay any excess proceeds to the clerk of the court that ordered the sale. *Id.* § 34.02(c). The clerk is to keep the excess proceeds for a period of seven years after the date of the sale, unless the court has ordered otherwise. *Id.* § 34.03(a); *International Paper Co. v. State*, 380 S.W.2d 18, 21 (Tex. Civ. App.--Texarkana 1964, writ ref'd n.r.e.) (stating that district court has exclusive jurisdiction for suit to foreclose tax lien). Section 34.04 provides the procedure by which a person may file a claim to the excess proceeds:

(a) A person may file a petition in the court that ordered the sale setting forth a claim to the excess proceeds within seven years from the date of the sale of the property.

(b) A copy of the petition shall be served on the county attorney or, if there is no county attorney, the district attorney and on

all parties to the suit that ordered the sale, if any, not later than the 20th day before the date set for a hearing on the petition.

(c) At the hearing if the court finds that the claimant is entitled to recover the excess proceeds, it shall order that the proceeds be paid to him. Interest or costs may not be allowed.

(d) A claim for the excess proceeds may not be filed after the expiration of seven years from the date the property is sold.

To answer your first question, we note that subsection (a) requires a claimant to file a petition "*in the court that ordered the sale.*" (Emphasis added.) The legislature added similar language to the predecessor statute, V.T.C.S. article 7345b, section 8, in 1953. *See* Acts 1953, 53d Leg., ch. 108, § 1, at 392. The 1953 amendment authorized a person claiming excess funds "[a]t any time within four (4) years from the date such excess funds are forwarded to the State Treasurer by the clerk of the court" to file a petition "*in the case out of which execution or other final process issued.*" *Id.* (emphasis added).

In 1977, the Texas Legislative Council (the council) prepared a proposed Property Tax Code for the 65th Legislature. *See generally* TEX. LEGIS. COUNCIL, PROPOSED PROP. TAX CODE, Report No. 64-2 (1977). The proposed codification completely and substantively revised the existing property tax laws in an effort "to make them more understandable, equitable, and uniform in their application around the state." *See id.* at i. Section 34.04(a), as the council proposed it, authorized a claimant to file a petition "in the court that ordered the sale." *Id.* at 161. While the council clearly changed the language from the language used in the source law, it stated that, with one irrelevant exception, the provisions now found in chapter 34, subchapter A were unchanged. *Id.* at xviii. Apparently, then, the council intended the word change to be nonsubstantive. Although the legislature did not codify the Property Tax Code until the next session, it adopted section 34.04(a) as the council had proposed it. *See* Acts 1979, 66th Leg., ch. 841, § 1, at 2298.

We found no legislative history clearly indicating whether the legislature, like the council, believed that the change in language was nonsubstantive. We therefore assume that the members of the legislature were aware and agreed with the council's analysis of the proposed chapter 34, subchapter A of the Tax Code. Accordingly, we read "in the court that ordered the sale," as section 34.04(a) states, to equate with the parallel language in the predecessor statute, "in the case out of which execution or other final process issued." To specifically answer your first question, then, we believe that section 34.04(a) does not require a person claiming excess tax proceeds to file a new lawsuit, *i.e.*, the claimant files a petition in the underlying case.

Thus, a "petition" for purposes of section 34.04(a) differs from a "petition" for purposes of the Texas Rules of Civil Procedure. Rule 22 of the Texas Rules of Civil Procedure states that a petition filed in the office of the clerk of court is the instrument by which a plaintiff commences a civil action. We have determined that, with respect to a motion to recover excess proceeds under section 34.04 of the Tax Code, the claimant files the petition to recover excess proceeds in the underlying case. Consequently, in answer to your second question, the provisions in the Texas Rules of Civil Procedure relating to service of a petition to commence an action do not apply to a petition to recover excess proceeds under section 34.04 of the Tax Code. Rather, a petition to recover excess proceeds should be served in accordance with rule 21a of the Texas Rules of Civil Procedure, which provides methods of service for "[e]very notice required by these rules, and every pleading, plea, motion, or other form of request required to be served under Rule 21, other than the citation to be served upon the filing of a cause of action and except as otherwise expressly provided by" the rules.[1] Accordingly, a claimant may serve a copy of the petition to recover excess proceeds on the county or district attorney and on all parties to the suit

> by delivering a copy to the party to be served, or the party's duly authorized agent or attorney of record, as the case may be, either in person or by agent or by courier receipted delivery or by certified or registered mail, to the party's last known address, or by telephonic document transfer to the recipient's current telecopier number, or by such other manner as the court in its discretion may direct.

Tex. R. Civ. P. 21a.

---

[1]Rule 117a of the Texas Rules of Civil Procedure governs citation in suits for delinquent *ad valorem* taxes. By its terms, however, the rule pertains only to the citation a taxing unit serves on the property owner to initiate the lawsuit. Rule 21a generally governs the service of subsequent pleadings, motions, and other documents any of the parties or claimaints file in the case.

# S U M M A R Y

Section 34.04(a) of the Tax Code does not require a claimant to file a new lawsuit, separate from the underlying action to foreclose the tax lien, to recover excess tax proceeds. A claimant filing a petition to recover excess tax proceeds must serve a copy of the petition on the county or district attorney and all parties to the suit that ordered the sale in accordance with rule 21a of the Texas Rules of Civil Procedure.

Very truly yours,

**DAN MORALES**
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General