

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00054-CV

_____

CITY OF CLARKSVILLE, CLARKSVILLE INDEPENDENT
SCHOOL DISTRICT, RED RIVER COUNTY, AND LANGFORD
CREEK WATER CONSERVATION DISTRICT, Appellants

V.

DRILLTECH, INC., Appellee

On Appeal from the 6th Judicial District Court
Red River County, Texas
Trial Court No. CV02249

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

OPINION

The City of Clarksville, Clarksville Independent School District, Red River County, and

Langford Creek Water Conservation District (hereinafter collectively referred to as the Taxing

Units), appeal the trial court's grant of a summary judgment in favor of landowner Drilltech, Inc.,

finding that all tax liens after its purchase of property in November 2008 were forfeited or

extinguished. We affirm the trial court's judgment.

## I.      Factual and Procedural Background

This appeal focuses on the application of Section 31.08 of the Texas Tax Code, which

reads:

> (a)      At the request of any person, a collector for a taxing unit shall issue
> a certificate showing the amount of delinquent taxes, penalties, interest, and any
> known costs and expenses under Section 33.48 due the unit on a property according
> to the unit's current tax records. If the collector collects taxes for more than one
> taxing unit, the certificate must show the amount of delinquent taxes, penalties,
> interest, and any known costs and expenses under Section 33.48 due on the
> property to each taxing unit for which the collector collects the taxes. . . .
>
> (b)      Except as provided by Subsection (c) of this section, if a person
> transfers property accompanied by a tax certificate that erroneously indicates that
> no delinquent taxes, penalties, or interest are due a taxing unit on the property or
> that fails to include property because of its omission from an appraisal roll as
> described under Section 25. 21,[1] the unit's tax lien on the property is extinguished

---

[1]Section 25.21 reads:

> (a)      If the chief appraiser discovers that real property was omitted from an appraisal
> roll in any one of the five preceding years or that personal property was omitted from an appraisal
> roll in one of the two preceding years, he shall appraise the property as of January 1 of each year that
> it was omitted and enter the property and its appraised value in the appraisal records.

and the purchaser of the property is absolved of liability to the unit for delinquent taxes, penalties, or interest on the property or for taxes based on omitted property. The person who was liable for the tax for the year the tax was imposed or the property was omitted remains personally liable for the tax and for any penalties or interest.

TEX. TAX CODE ANN. § 31.08(a), (b) (West 2008).

Jason R. Petty and Beth Ann Petty sold a 16.374-acre tract of land situated in Red River County to Drilltech, Inc., on November 7, 2008. On November 4, 2008, Gooding Title Company ordered tax certificates from Red River County and the County Appraisal District. Specifically, Red River County was asked to "check your records for tax suit on this property," with the property description being "10.019 acres, 6.282 acres & .73 acres; Wade H. Vining Survey, Abst. #878."

After describing the property as "A0878 Vining, W.H.," both certificates list the land market value as $15,330.00, and represent that improvements have a "0" value. The tax certificate issued on November 4, 2008, by the Red River Appraisal District located in Clarksville, Texas, indicates the request was made by Gooding Title and certifies that "after a careful check of the tax record of this office, the following current/delinquent taxes, penalties and interest are due" to Clarksville ISD. It showed a total amount of $1,158.48 owed for years 2006–2008, all of which were paid from the proceeds of the sale at closing. The County Tax Office issued a

---

(b)     The entry shall show that the appraisal is for property that was omitted from an appraisal roll in a prior year and shall indicate the year and the appraised value for each year.

TEX. TAX CODE ANN. § 25.21 (West 2008).

3

certification that total taxes due from 2006 through November 2008 were $468.90, which were also paid at closing.

In December 2009, Drilltech received a notice of intent to sue from the City of Clarksville and Clarksville ISD for collection of delinquent taxes prior to Drilltech's purchase of the property. Drilltech sought declaratory judgment that the certificates indicated that no taxes were due, and thus, that the liens were forfeited under Section 31.08(b) of the Texas Tax Code.[2]  The City and Clarksville ISD answered the suit and filed a cross-claim seeking foreclosure of the property for delinquent taxes in 2007 and 2008, along with penalties and interest, as well as a personal judgment against the Pettys.[3]  Drilltech filed a motion for summary judgment urging the trial court to apply Section 31.08.

The Taxing Units filed a cross-motion for summary judgment and countered with the affidavit of Jan Tinsley, chief appraiser for Red River County.  After stating that she is "the custodian of all appraisal district records and all tax records, both current and delinquent, for said school district and city," Tinsley explained that two taxing accounts were created for the same property.  According to Tinsley, Capital Appraisal Group, LLC, appraised complex properties, such as the one at issue, for the district.  She stated, "Because the appraisal district's staff

[2]Following the trial court's grant of Drilltech's motion for summary judgment, Drilltech's cause of action against the Taxing Units was severed from their causes of action against the Pettys.  The judgment in this case became final when the Taxing Units nonsuited their cross-claims against the Pettys on October 11, 2011.

[3]Clarksville ISD claimed $1,255.67 for 2007, and $1,352.00 for 2008.  The City claimed $1,027.00 was owed in both 2007 and 2008, and Clarksville ISD sought $1,255.67 for 2007 and $1,352.00 for 2008.  The penalties and interest amount to $2,995.17, for an aggregate delinquency of $7,656.84.

4

routinely appraises the land itself in-house, it is administratively convenient to maintain two separate tax accounts, one for the land appraised by the district and identified by its own unique account number, and another account for the improvements situated thereon." As proof, Tinsley attached a contract for appraisal services between the Appraisal District and Capital Appraisal Group, LLC.[4] A "Tax Year 2008 Industrial Property File" demonstrated that Capital Appraisal had appraised improvements at $130,000.00 when the property was owned by the Pettys.

Urging that the appraisal value of the land was only $15,330.00 "because the improvements situated upon the land were separately appraised and assessed under another account number as is customary in the case of industrial properties . . . , and the improvement account is indeed delinquent for tax years 2007 and 2008," the City and Clarksville ISD argued that Drilltech should have known additional taxes were due. They further argued that the only certificates produced showed delinquent taxes owing and that Section 31.08 did not apply. Red River County and Langford Creek Water Conservation District intervened in the suit, seeking $3,266.13 for 2007 and 2008 taxes, and filed their own motion for summary judgment to recover taxes upon the improvements on the land, seeking personal judgment against the Pettys and foreclosure of their liens.

Drilltech responded to the cross-motion for summary judgment by attaching summary judgment evidence that the county routinely attached tax certificates containing figures in the

[4]The contract attached was entered into on June 9, 2010, but there is some evidence that Capital Appraisal Group assessed the property's value prior to this date.

5

section for land and improvements for commercial properties in response to Gooding's requests. They attached the affidavit of Kay Witmer, Escrow Officer for Gooding for eight years, which stated the following:

> One of my duties at Gooding Title Co. is to place orders for tax certificates with Red River Appraisal District and Red River County Tax Collector in connection with sales and/or mortgages of real property in Red River County, Texas, in which Owner's and/or Loan Title Polices are ordered.
>
> In placing these orders for tax certificates, I use a form, . . . filled in by me and either faxed or e-mailed to the above taxing entities.
>
> . . . .
>
> The orders for tax certificates placed by me with the taxing entities are intended by me to cover taxes for both the land described in the order and permanent improvements attached to such land.
>
> Only the land is described in the order, and I have never placed a separate order for tax certificates on the permanent improvements, which I understand to be a component part of the land. Neither taxing entity has ever requested that I place a separate order for the land and the improvements.
>
> The taxing entities respond to my orders by issuing a tax certificate on the land, and where permanent improvements are attached to the land, permanent improvements are included on the tax certificate.
>
> . . . .
>
> In response to our orders, each taxing entity furnishes Gooding Title Co. a tax certificate showing what, if any, taxes, penalties and interest are due and owing on the land and improvements (if any) which are the subject of the order. . . .
>
> . . . .

6

Except for the omitted taxes on the improvements in the Petty-Drilltech sale, which resulted in this suit, I have no knowledge of either the Red River Appraisal District or the Red River County Tax Collector making a claim for taxes, penalties and interest allegedly due on improvements permanently attached to a particular tract of land and which taxes, penalty and interest were omitted from the tax certificate ordered and received by Gooding Title Co.

I have never been advised by either taxing entity that land and permanent improvements are customarily carried on a separate account on industrial property.[5]

The trial court found that "all tax liens on the real property" were forfeited or extinguished, and found that Drilltech would not be personally liable for any taxes owed.

## II.     Standard of Review

The standard for reviewing a traditional motion for summary judgment is well established. *See Sysco Food Servs.*, *Inc. v. Trapnell*, 890 S.W.2d 796, 800 (Tex. 1994); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). We review de novo a summary judgment to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp. of Am.*, 12 S.W.3d 172, 175 (Tex. App.—Dallas 2000, pet. denied). A party moving for

[5]The Taxing Units objected to the following portions of Witmer's affidavit on the bases that her intent and/or knowledge were not controvertible or competent summary judgment evidence: (1) that her requests "are intended by me to cover taxes for both the land described in the order and permanent improvements attached to such land"; (2) her statement that she had no knowledge of the Taxing Units "making a claim for taxes, penalties and interest allegedly due on improvements permanently attached to a particular tract of land and which taxes, penalty and interest were omitted from the tax certificate ordered and received by Gooding"; and (3) that "in most cases, no one who owns or works for Gooding Title Co. knows what, if any, improvements are attached to the land on which the certificates are ordered." With respect to the third statement, the Taxing Units also objected that Witmer failed to demonstrate personal knowledge of what other employees would know. Last, they complained that Witmer's statements that she understood the permanent improvements to be a component part of the land and that Gooding considers all taxes owing are to be shown on the tax certificate, were conclusory. The Taxing Units separately appeal the trial court's overruling of all objections to Witmer's affidavit. We find that the trial court's application of Section 31.08 dispositive of the appeal, without regard to Witmer's affidavit. Therefore, we do not address the admission or exclusion of the affidavit.

traditional summary judgment is charged with the burden of establishing that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam). A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors & Supply*, *Inc.*, 644 S.W.2d 443, 446 (Tex. 1982). "When both sides move for summary judgment, as they did here, and the trial court grants one motion and denies the other, reviewing courts consider both sides' summary-judgment evidence, determine all questions presented, and render the judgment the trial court should have rendered." *Gilbert Tex. Constr.*, *L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010) (citing *Embrey v. Royal Ins. Co. of Am.*, 22 S.W.3d 414, 415–16 (Tex. 2000)).

## III. The Trial Court Properly Granted Summary Judgment

Both parties argue about the meaning of the phrase "indicat[ing] that no delinquent taxes, penalties, or interest are due." TEX. TAX CODE ANN. § 31.08(b). On the certificates, the property was described by location, description, and situs address and contained a space for valuation for improvements. Because the improvement valuation was listed as "0," Drilltech argued that the tax certificates showed no taxes owing. The Taxing Units argue that the tax certificate itself must contain a statement that no delinquent taxes, penalties, or interest are due.

A tax bill for real property must include the appraised value and taxable value of the property and the amount of taxes imposed on the property by the unit. TEX. TAX CODE ANN. § 31.01(c)(11)(A), (C) (West Supp. 2011). Real property in the Tax Code specifically includes improvements made on the land. TEX. TAX CODE ANN. § 1.04(2)(B) (West 2008). Before an executory contract is signed by the purchaser of property, the seller is required to provide the purchaser with a tax certificate from the collector to ensure proper disclosure of tax payments. TEX. PROP. CODE ANN. § 5.070(a)(1) (West 2004). Section 9.3040 of the Texas Administrative Code requires the following affirmation to accompany the list of delinquent taxes, penalties, and interest, and any known costs and expenses on the tax certificate: "a careful check of the tax records of the office has been made on the specified property and the tax certificate indicates the amount of delinquent taxes." 34 TEX. ADMIN. CODE § 9.3040 (2011) (Comptroller of Pub. Accounts, Tax Record Requirements). The definition of "property" in the Texas Tax Code includes "any matter or thing capable of private ownership." TEX. TAX CODE ANN. § 1.04(1) (West 2008). Section 31.08(a) reads that "[a]t the request of any person, a collector for a taxing unit shall issue a certificate showing the amount of delinquent taxes, penalties, interest, and any known costs and expenses under Section 33.48 due the unit on a property according to the unit's current tax records." Gooding Title specifically requested that tax certificates be issued on the "property," and provided the property address. Thus, the Taxing Units were required to issue a

9

tax certificate showing the sums due according to the current tax records for both the value of the land and the improvements.

The tax certificates specifically certified and guaranteed that only the amounts listed were due "for the above described property" and "on the described property." No indication of delinquent taxes owing for any improvements were shown. Therefore, the certificates "erroneously indicate[d] that no delinquent taxes, penalties, or interest [were] due"[6] with respect to any improvements. TEX. TAX CODE ANN. § 31.08(b). Therefore, we find Drilltech proved its entitlement to summary judgment as a matter of law.

---

[6]This language in Section 31.08(b) has been revised several times. The 1953 predecessor of the statute, Vernon Annotated Civil Statutes Article 7258a, stated: "When any certificate so issued shows all taxes, interest, penalty and costs on the property therein described to be paid in full to and including the year therein stated, the said certificate shall be conclusive evidence of the full payment of all taxes, interest, penalty and costs due on the property described in said certificate for all years to and including the year stated therein." *Int'l Paper Co. v. State*, 380 S.W.2d 18, 19–20 (Tex. Civ. App.—Texarkana 1964, writ ref'd n.r.e.). In 2005, the Legislature revised the statute from "if a person transfers property accompanied by a tax certificate erroneously showing that no delinquent taxes, penalties, or interest are due" to "if a person transfers property accompanied by a tax certificate that erroneously indicates that no delinquent taxes, penalties, or interest are due." Act of May 23, 2005, 79th Leg., R.S., ch. 846, § 2, 2005 Tex. Gen. Laws 2888, 2888–89 (current version at TEX. TAX CODE ANN. § 81.08(b) (West 2008)). In *Int'l Paper Co.*, we found that the purpose of Article 7258a was remedial. "It gives the citizens of Texas a conclusive right to believe in and rely upon the acts of their officers. . . . The purpose of the statute was to relieve the purchasers of property from the secret tax liens upon property for which they have purchased and paid, or obligated themselves to pay for. This relieves the purchaser of the responsibility of buying property and later having a tax lien forced upon the same and requiring him to pay off the tax lien in order to keep his property." *Id.* at 22.

10

## IV.     Conclusion

We affirm the judgment of the trial court.


                                               Jack Carter
                                               Justice

Date Submitted:     October 12, 2011
Date Decided:       November 15, 2011