Doris W. CLARK, Appellant,

v.

Harold G. CLARK, Jr., Appellee.

No. 5267.

Court of Civil Appeals of Texas, Waco.

June 21, 1973.

Carter, Jones, Magee & Rudberg, Moss & Mayes, Jack B. Cowley, Dallas, for appellant.

Margolis & Staffin, Dallas, for appellee.

HALL, Justice.

Appellant initiated this proceeding by filing a motion to have appellee, her ex-husband, held in contempt for failure to make child support payments, and sought reasonable attorney's fees for prosecution of the motion. Appellee petitioned for reduction of child support. Appellant replied with a plea for increased child support.

Following a non-jury hearing in September, 1972, the trial court adjudged appellee in contempt of court and ordered him to pay his support arrearage in the sum of $1,800 at the rate of $100 per month beginning September 15, 1972; reduced the child support required of appellee from $800 per month to $400 per month; and awarded appellant $250 attorney's fees. In six points of error appellant asserts that (1) the court abused its discretion in ordering the reduction of child support because the evidence is legally insufficient, or, alternatively, factually insufficient to support a finding of changed conditions since the original support decree; and (2) "the finding of $250 to be a reasonable attorney's fees is contrary to the great weight and preponderance of the evidence." We overrule these contentions and affirm the judgment.

The record presents the familiar and virtually unsolvable problem in cases of this nature of too much month at the end of the money.

The parties were divorced by judgment dated January 13, 1972. Insofar as the judgment was concerned with property division, child custody, and child support, it was based upon a property settlement agreement executed by the parties on January 13, 1972, in anticipation of divorce. In the divorce judgment, the court found the settlement agreement was "fair and equitable" and "should be and is hereby approved." The divorce decree and the contract provide that the custody of Kathleen, the parties' daughter whose age is now 18, shall be awarded to appellee; that the custody of their other two children, daughters whose ages are five and thirteen, shall be awarded to appellant, and that appellee shall pay $800 per month to appellant for the support and maintenance of the two younger children. Additionally, appellee agreed to pay the total cost of a college

education for Kathleen, and he assumed the payment of all community debts.

Appellee's net monthly income is $1,505. It was approximately that amount at the time of divorce. $288.00 is deducted from this, monthly, leaving a net "take home" of $1,217. The community debts assumed by him were open accounts totaling $3,900 and fixed installment accounts which totaled $26,000. Since the divorce, he has reduced the community debts by $3,500 (an average of about $435 per month), and has made support payments totaling $4,600 (an average of $575 per month). He has recently incurred expenses related to Kathleen's entry into college. On the trial, appellee presented a listing of his "Income And Debts," which, assuming a monthly child support payment of $800, and assuming the regular monthly payments on the fixed installment accounts and minimal monthly payments on the open accounts, and allowing nothing for his living expenses and nothing for the support of the oldest child, shows his monthly obligations exceed his monthly income by $166.

Appellee testified that when he made the property settlement contract, and when the divorce was granted, he was living "with and off" his parents and intended to do so until the community debts of $30,000 were paid; that, at the time of divorce, his father was a physician with an annual income of about $45,000, and was active and healthy; that his father died two months later; that his father left only $7,500 in insurance benefits; that his mother has continued supporting him, and they have spent almost $10,000 of her savings since his father's death; that his mother now has about $17,000 in savings and a total monthly income of $177 and that they are "now using it up" at the rate of $855 per month; that he could have met his support agreement if his father had not died; that he could meet the contractual support payments now if the community debts were paid; that at the time of the divorce he was familiar with the fixed installment debts, but did not know "all the aspects"

of the open account debts; that, at the time of the divorce, he was willing to live off his parents so that he could provide appellant and the small girls with what he thought at the time was a "proper amount"; and that he can now afford only $125 per month per child. He said that the circumstances changed when his father died because his father was paying his entire living expense, and he must now pay his own support. He said: "Obviously, my view in January was extremely emotional. * * * I let my heart overrule my mind at that time. I didn't fully look into everything."

Appellant testified to a list of necessary monthly expenses for the support of the two younger girls which totaled $849. These included, among others, rent $100, food $200, car expense $100, clothes $120, entertainment $75, and maid $160. She said if the children "are in any way supported to what they are accustomed to being supported," it would take $1,000 monthly; and that recently she was required to spend $600 for Hockaday Kindergarten for the youngest child. Appellant is not employed.

The trial court is given broad discretion in fixing child support payments, and in decreasing or increasing such payments, and the court's order will not be disturbed on appeal except on a showing of a clear abuse of discretion. Hewlett v. Hewlett, (Tex.Civ.App.; 1972, writ dism.; mand. overr.) 486 S.W.2d 107, 108. However, a support order will be modified only if there has been a material change in circumstances. Beaird v. Beaird, (Tex.Civ. App., 1964, no writ hist.) 380 S.W.2d 730, 732. And it is elementary that questions of changed conditions and the amount of child support must be resolved upon the particular facts of each case.

Viewing the entire record, we believe the evidence is legally and factually sufficient to support determinations by the court that circumstances since the granting of the divorce have shown that $800 per month is not necessary for the support of

the two girls; or that, acting in good faith but emotionally motivated, appellee simply committed himself to a support payment which subsequent events have shown he cannot possibly make at this time; or that the unexpected death of appellee's father cast upon appellee the additional expense of his own support. Any of those beliefs, and certainly any combination of them, would support the court's finding of material change of condition and the order reducing child support. Accordingly, we find no abuse of discretion in the court's ruling.

Rule 308–A, Vernon's Tex.Rules of Civil Procedure, provides that the court may award a fee for an attorney who represents the claimant against one who has contemptuously disobeyed a child support order. However, there is no requirement that the court do so. Inasmuch as the court was under no obligation to allow appellant any attorney's fee, we fail to see how the award in question can be grounds for reversal.

Appellant's points and contentions are overruled.

Of course, the order appealed from does not affect the rights and remedies of the parties under the property settlement agreement, and it should have been worded to clarify that fact. Brady v. Hyman, (Tex.Civ.App., 1950, no writ hist.) 230 S. W.2d 342, 345; Tex.Jur.2d 46, Divorce And Separation, Sec. 421. Accordingly the order is reformed to provide that: "Nothing contained herein shall affect the contractual obligations assumed by Harold G. Clark, Jr., for child support payments, as evidenced by a property settlement agreement executed by him and Doris W. Clark on January 13, 1972, in contemplation of divorce; but the provisions of this order shall relate only to the liabilities imposed upon the said Harold G. Clark, Jr., under and by virtue of the decree of this court dated January 13, 1972, and the provisions of Article 4639a, Sec. 1, Vernon's Ann. Tex.Civ.St."

As reformed, the judgment is affirmed.