**Ex parte Billy Joe CRAWFORD.**

**No. 767.**

Court of Civil Appeals of Texas, Tyler.

Feb. 15, 1974.

Loftis, Rowan & Files, F. R. Files, Jr., Tyler, for relator.

PER CURIAM.

This is an original habeas corpus proceeding. Relator, Billy Joe Crawford, alleges he is being illegally restrained by a judgment of contempt for violation of an order requiring him to make child support payments. Our review of the proceeding is necessarily limited, since we do not exercise appellate, but original jurisdiction.

For this contempt proceeding to be subject to collateral attack in this habeas corpus proceeding, it must be void and not merely voidable. Ex parte Tyler, 152 Tex. 602, 261 S.W.2d 833 (1953). Although a writ of habeas corpus is a writ of right, probable cause must be shown before it will issue. It is not a writ of course. Lazaros v. State, 228 S.W.2d 972 (Tex.Civ.App., Dallas, 1950, n. w. h.). We have concluded that petitioner's application is insufficient to show probable cause for the issuance of a writ because the application fails to show that the Relator is, in fact, confined or restrained. "A mere judgment of contempt will not justify the granting of a writ of habeas corpus." Ex parte Calhoun, 127 Tex. 54, 91 S.W.2d 1047 (1936). It must be shown that the Relator is actually restrained. Ex parte Beamer, 116 Tex. 39, 285 S.W. 255 (1926). A petition for writ of habeas corpus, though sworn to, is not proof of the facts stated therein. 27 Tex.Jur.2d sec. 49, p. 726. Or-

dinarily where a person is restrained by a writ, order or process, a copy thereof must be annexed to the petition, showing the action taken thereon by the person executing the same. 27 Tex.Jur.2d sec. 49, p. 725. The record before us fails to contain an order of commitment or any other evidence showing that the Relator is actually confined or restrained. Proof of actual restraint could have been supplied by attaching the commitment, or a letter, certificate or wire from the sheriff showing that the Relator is, in fact, being restrained. See "Habeas Corpus Proceedings in the Supreme Court of Texas" by Joe Greenhill and Martin D. Beirne, Jr., St. Mary's Law Journal, Vol. 1, No. 1, 1969.

Perhaps we should conclude this opinion at this point, but in view of the fact that Relator is permitted to make successive applications for a writ, it might be helpful to set forth the additional reasons why we would deem the application deficient even though Relator had fulfilled the requirement of showing actual restraint.

In the second paragraph of his application, Relator avers that he is being restrained by virtue of the judgment finding him to be in contempt. The judgment is as follows: "LET, THEREFORE, commitment issue to the Sheriff of Wood County, Texas, accompanied by a certified copy of this judgment." Relator does not aver that no commitment was ever issued. If Relator had shown he was actually restrained, and if he had further shown his restraint resulted from an arrest without a written commitment for the purpose of enforcing the contempt judgment, such restraint would then be illegal and in violation of due process. Ex parte Martinez, 160 Tex. 328, 331 S.W.2d 209 (1960); Ex parte Arapis, 157 Tex. 627, 306 S.W.2d 884 (1957). But such is not the case here. Relator failed to allege or show he was being restrained without a written commitment. We cannot assume such to be true. Proof that no commitment was issued could

have been supplied by bringing forward a transcript showing the absence of the commitment.

 Relator asserts in Paragraph 10 of his application that the judgment finding him in contempt is void on its face. We do not agree. The judgment, in effect, recites that Relator was in arrears in his child support payments in the amount of $1,276.50, and ordered him confined "until $1,276.50 child support arrearage" was paid. We fail to see how it can be said that the judgment is void on its face. The case of Ex parte Proctor, 398 S.W.2d 917 (Tex. Sup.1966), is not in point. The judgment in that case was found to be void because the court failed to recite the amount in which defendant was in arrears. The judgment here contains a finding of the amount of "arrearage" of child support due under the original decree. As we construe it, the judgment is not void and hence does not show Relator was deprived of due process.

 Relator further asserts that the contempt order was invalid because he was destitute and unable to employ legal counsel or pay the amount assessed against him by the judgment. Where the granting of the writ of habeas corpus turns on factual evidence, such as inability to perform the order, or inability to employ an attorney, this court cannot determine whether such inability actually existed and resulted in a denial of due process, unless the application is accompanied by a statement of the facts developed on the contempt hearing. Where the Relator, as here, seeks a writ of habeas corpus on the ground of his inability to perform or his inability to employ an attorney, Relator must be prepared to conclusively show his inability in order to be entitled to a writ. Ex parte Rohledger, 424 S.W.2d 891 (Tex.Sup.1967). Also see "Habeas Corpus Proceedings in the Supreme Court of Texas," supra.

For the reasons stated the application for writ of habeas corpus must be denied without prejudice.