James Elmer DOSS, Appellant,

v.

Carolyn Ann DOSS, Appellee.

No. 1135.

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 26, 1975.

---

W. N. Shaw, Freeport, for appellant.

Weldon H. Berry, Houston, for appellee.

COULSON, Justice.

This is a suit affecting the parent-child relationship.

The Court of Domestic Relations of Brazoria County, Texas, on March 10, 1970, entered a decree of divorce dissolving the marriage between Carolyn Ann Doss and James Elmer Doss. In said decree, Carolyn Ann Doss was granted custody of the two minor children of the marriage subject to specified periods of visitation for James Elmer Doss. The decree further ordered James Elmer Doss to pay the sum of $32.50 per week for the support and maintenance of the two minor children.

On July 3, 1974, Carolyn Ann Doss filed a "Motion to Modify Support Order". Thereafter, an order was issued requiring that James Elmer Doss show cause why the support previously ordered should not be increased. Additionally, on July 3, 1974, Carolyn Ann Doss filed a "Motion for Contempt of Court" complaining of James Elmer Doss. She contended that he was in contempt of the orders entered on March 10, 1970, and was in arrears in the payment of child support. The petitioner requested an award of her reasonable attorney's fees in the amount of $100.

James Elmer Doss answered the motion to modify support by a special exception contending that the motion of Carolyn Ann Doss did not comply with the provisions of Tex.Family Code Ann. § 11.08, V.T.C.A. (1975), and generally denied the allegations contained in the motion. In addition thereto, James Elmer Doss filed a cross-action seeking a change in possessory rights and requesting that he be granted the right and privilege of having the children with him during alternate weekends of each month from 6:00 P.M. Friday to 6:00 P.M. Sunday, for a period of two consecutive

weeks in the summer, and on alternate Thanksgiving, Christmas and Easter Holidays.

James Elmer Doss answered the motion for contempt by special exception contending that the motion did not inform him of the amount of the arrears, or the date or dates on which he was allegedly in default in support payments. In addition, he generally denied the allegations in the motion for contempt.

On August 21, 1974, the court heard the special exceptions of James Elmer Doss to the motions of Carolyn Ann Doss to modify the support order and to hold James Elmer Doss in contempt of court. After the hearing, the trial court sustained the special exception of James Elmer Doss to the motion of Carolyn Ann Doss to modify the support order. However, the court granted Carolyn Ann Doss leave to file a trial amendment pursuant to Texas Rules of Civil Procedure, rule 66. The special exception of James Elmer Doss to the motion to hold him in contempt of court was overruled.

The court proceeded immediately thereafter, on August 21, 1974, to consider the said motions on their merits. After hearing the evidence of the parties and the arguments of their attorneys, the trial court entered its order. Among other things, the court found that the circumstances had materially and substantially changed since the entry of the order sought to be modified. An order was entered providing that: "James Elmer Doss be and he is hereby ordered to pay as child support no less than Sixteen and 25/100 ($16.25) Dollars per week per child as support for such children or twelve (12%) percent of his gross pay per child per week whichever is greater, . . . ." By separate order, the court found that James Elmer Doss was $166 in arrears in the payment of child support on the date of the filing of such motion to hold him in contempt. The court, therefore, held James Elmer Doss to be guilty of contempt of court. The court

found that subsequent to the filing of said motion and prior to the hearing, James Elmer Doss had paid all arrearage and thereby purged himself of contempt and should not be punished therefor. The court awarded attorney's fees of $100 to the attorney of Carolyn Ann Doss in connection with the contempt proceedings. Finally, the court granted to James Elmer Doss a modification in the visitation privileges as requested.

James Elmer Doss (appellant) has perfected his appeal from the orders entered by the trial court insofar as those orders modified the support payments, and to the extent that he was held in contempt of court and ordered to pay $100 attorney's fees. Carolyn Ann Doss (appellee) has not filed a brief in this case.

The appellant's first six points of error challenge the actions of the trial court in holding him in contempt of court. Points 1, 2, and 3 challenge the actual order of the court holding him in contempt, while points 4, 5, and 6 challenge the order of the court awarding attorney's fees in the sum of $100 to the attorney representing Carolyn Ann Doss in connection with the contempt proceeding.

The appellant asserts that in this case, review of the contempt order is proper. He argues that as there was no commitment ordered by the trial court, the remedy of habeas corpus, as the usual method of review of a contempt order, would not be available. He contends that, in the absence of habeas corpus, review by appeal is proper.

 As a general principal, the only remedy for the review of a contempt proceeding is by writ of habeas corpus. In such a review, the appellate court is limited to the determination of whether or not the commitment in question is void. In the absence of commitment, the remedy of habeas corpus is not available. Ex Parte Cardwell, 416 S.W.2d 382, 384 (Tex.Sup. 1967); Ex Parte Beamer, 116 Tex. 39, 285

S.W. 255 (1926); Ex Parte Putnam, 456 S.W.2d 916 (Tex.Crim.App.1970); Ex Parte Cox, 479 S.W.2d 110 (Tex.Civ.App. —Houston [1st Dist.] 1972, no writ).

There is some authority for the appellant's position found in the opinion of the Supreme Court of the State of Texas in Deramus v. Thornton, 160 Tex. 494, 333 S.W.2d 824, 827 (1960). In *Deramus* the petitioner sought a writ of mandamus from the Supreme Court to direct the district court to vacate and expunge a contempt judgment upon which an order of commitment had not been issued. The request of the petitioner was refused, but the Supreme Court made the following remark:

> We are not to be understood as saying, however, that there may not arise conditions involved in contempt matters where the writ of habeas corpus would not be adequate and where mandamus would be the proper remedy.

■■ It is not necessary for this Court to determine whether or not the contempt matter before us fits into that hypothetical situation in which appeal might be a proper remedy. In reviewing an order for contempt, this Court is limited to the determination of whether or not the action of the trial court is void for lack of jurisdiction. Ex Parte Beamer, *supra*; Ex Parte Cox, *supra*. In the case before this Court, it is clear that the trial court had authority to hold the appellant in contempt and to adjudge attorney's fees against him. Cooper v. Cooper, 513 S.W.2d 229 (Tex. Civ.App.—Houston [1st Dist.] 1974, no writ); Clark v. Clark, 496 S.W.2d 659 (Tex.Civ.App.—Waco 1973, no writ); Schwartz v. Jacob, 394 S.W.2d 15 (Tex. Civ.App.—Houston 1965, writ ref'd n.r.e.) The appellant's first six points of error are overruled.

Appellant's points of error 7 and 11 urge that the trial court erred by granting the appellee leave to file a trial amendment to her "Motion to Modify Support Order" when the appellant's special exception was sustained. The appellant also complains that no written amendment was ever filed in compliance with Tex.R.Civ.P. 46.

■ These points of error are overruled. The trial court had the authority to grant leave to amend either under Tex.R. Civ.P. 66 or 63. Further, the defect in the pleadings complained of is formal in nature rather than substantive. The appellee's original petition failed to comply with the provisions of Tex.Family Code Ann. § 11.08(b). Although the absence of such compliance was error, it is not reversible error. We cannot say in this case that such error "amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case . . .." Tex.R.Civ.P. 434.

Points of error 8, 9, and 10 challenge that portion of the trial court's order which provides that "James Elmer Doss be and he is hereby ordered to pay as child support no less than Sixteen and 25/100 ($16.-25) Dollars per week per child as support for such children or twelve (12%) percent of his gross pay per child per week whichever is greater . . . ." It is contended by the appellant that the trial court's action constituted an abuse of discretion because the award of a percentage of gross pay per child bore no reasonable relationship to the reasonable cost for care and education of the children. The appellant further challenges the factual and legal sufficiency of the evidence in the record to sustain the trial court's order.

■ Traditionally, the trial court is said to have broad discretion in the area of support orders. Dennis v. Dennis, 512 S. W.2d 699 (Tex.Civ.App.—Tyler 1974, no writ). An examination of the record discloses ample evidence to sustain the trial court's order modifying child support. The difficulty with the order entered by the trial court lies with the decree that 12% of the gross pay of the appellant be paid weekly for each child. It should be noted that the order granting the motion to

modify support establishes the sum of $16.-25 per child per week as the lower limit of child support. That is the same level of support set by the court in its original support order.

The evidence indicates that the appellant intended to return to college to obtain a degree in Industrial Management. The court's use of a percentage of gross income to set the level of child support was apparently an attempt to provide an automatic increase in the level of support payments as the appellant receives the anticipated economic benefits which adhere to the possession of a college degree.

In the case of Barlow v. Barlow, 282 S. W.2d 429 (Tex.Civ.App.—El Paso 1955, no writ), it was held that the application of a formula (¼th of the net income) to determine the level of child support violated the rule in these matters as discussed by the Supreme Court in Gully v. Gully, 111 Tex. 233, 231 S.W. 97, 100 (1921). Under *Gully* the trial court is directed to consider all of the circumstances affecting the ability of the supporting party to pay. This consideration must be an ongoing judicial process and does not permit the imposition of a formula to provide an automatic support increase. It is the burden of the managing conservator to demonstrate a material change in conditions which warrant an increase in support payments. It is not within the trial court's power to anticipate those changes and provide for them prior to their occurrence.

■ Tex.Family Code Ann. § 14.06 (1975) seeks to promote amicable settlement between the parties. It encourages parties in each case to enter into written agreements containing provisions for support of the children, subject to a determination by the court that such agreement is in the best interest of the children. If the court finds that the agreement is in the best interest of the children, the terms of such agreement should be set forth in the decree. The parties may then be ordered to perform pursuant to such agreement. The terms of the agreement as set forth in the decree may be enforced by all remedies available for enforcement of a judgment including contempt. But, they are not enforceable as contract terms unless the agreement so provides. In the case before this Court, if the parties had agreed that the father would pay 12% of his gross pay per child per week as child support, and such agreement had been approved by the court and included in the court's decree, then the agreement would be valid under the provisions of Tex.Family Code Ann. § 14.06. *See* Francis v. Francis, 412 S.W.2d 29 (Tex.Sup.1967). However, in the case before this Court, there was no mutual agreement between the parties regarding the payment of 12% of the father's gross income. It is not within the power of the trial court to order such a formula and such provision is therefore invalid.

It is not necessary to reverse this case for a new trial as the judgment of the trial court set $16.25 as a minimal level of support. The order entered by the trial court under date of September 19, 1974, is modified by deleting therefrom the following words: "or twelve (12%) percent of his gross pay per child per week whichever is greater,". The remaining portion of the judgment is valid and the judgment as modified is affirmed. ·

Modified and affirmed.