**Charles Samuel CARNS, Appellant,**

v.

**Laura Kay CARNS, Appellee.**

**No. 12–89–00010–CV.**

Court of Appeals of Texas,
Tyler.

June 16, 1989.

Weldon McFarland, Tyler, for appellant.

Frank McClendon, III and McClendon, Holland & Endres, Tyler, for appellee.

PER CURIAM.

This is an appeal from an order which modified the amount of Appellant's monthly child support payments. We affirm.

On November 20, 1987, Appellee filed a combined motion seeking to enforce by contempt, and also to clarify and to modify a prior divorce decree. In her motion, Appellee sought an increase in the amount of child support payments. The motion was heard by the Honorable Milton G. Mell, Judge of the County Court at Law, who pronounced his ruling in open court on July 13, 1988. Judge Mell ruled on the motion to increase child support payments as follows:

The Court finds that Movant's Motion for Modification of Prior Order with reference to the Decree of Divorce entered by this Court on March 31, 1986, seeking an increase in the amount of child support payments, should be and the same is hereby denied; however, the Court finds that Movant, LAURA KAY BLACKBURN, is entitled to reimbursement of premiums paid for the maintenance of health and hospitalization insurance coverage for the benefit of the children currently afforded by the insurance policy carried by Movant's husband.

The court ordered Appellant to pay $101.53 per month for the cost of maintaining the insurance.

Appellant contends, in his first point of error, that Appellee did not plead for the reimbursement that was granted, nor was there any evidence to support the award. In his second point of error, Appellant claims that ordering him to reimburse Appellee for medical premiums constitutes alimony.

Appellant did not ask the trial court to make findings of fact and conclusions of law, nor has he brought forward a statement of facts on appeal. When the court, in its judgment, finds generally for one of the parties but no specific findings of fact and conclusions of law are requested and none are filed, and no statement of facts is brought forward on appeal, there exists little basis for review, save in a situation where there is fundamental error or the court exceeded its jurisdiction in rendering the decree at all. Absent fundamental error, the appellate court presumes that the judgment was supported by evidence offered upon the issues raised by the pleading or tried by express or implied consent. *Guthrie v. National Homes Corp.*, 394 S.W.2d 494 (Tex.1965); *Commercial Credit Corp. v. Smith*, 143 Tex. 612, 187 S.W.2d 363 (1945).

The Family Code specifically required that the court, in determining the amount of child support, "consider all appropriate factors including but not limited to the guidelines adopted by the Supreme Court." Tex.Fam.Code Ann. § 14.05(a)

(Vernon Supp.1989). The Supreme Court promulgated a set of rules which established child support guidelines. These rules became effective February 4, 1987. Rule 3(c) appears as follows:

Rule 3. Establishing any Order of Child Support

(c) These guidelines assume that the court will order the obligor to provide health insurance coverage for the child subject of the suit in addition to the amount of child support calculated pursuant to these guidelines. If the court finds and sets forth in the order setting child support that the obligee will maintain health insurance coverage at the obligee's expense for the child, the court may increase the amount of child support to be paid by the obligor in an amount not exceeding the total expense to the obligee for maintaining health insurance coverage.

Tex.R. Child Support 3(c) (Vernon Supp. 1989). The payment of the child's medical insurance premiums as ordered by the trial court does not constitute alimony.

The trial court is given broad discretion in fixing child support payments, and in decreasing or increasing such payments, and the court's order will not be disturbed on appeal except on a showing of a clear abuse of discretion. *Clark v. Clark*, 496 S.W.2d 659, 661 (Tex.Civ.App.—Waco 1973, no writ). The trial court did not exceed its jurisdiction in rendering the decree, nor is fundamental error shown by the record. In the absence of a record, we must presume that the judgment was supported by competent evidence. Although Appellee did not specifically plead for reimbursement of the premiums, we must presume that issue was tried by express or implied consent. Applying the principles enumerated in *Guthrie* and *Commercial Credit*, we overrule Appellant's two points of error.

The judgment of the trial court is affirmed.