$7,687.00 U.S. CURRENCY; One Panasonic Pager, Serial # EP–2B4; and Controlled Substance (Marijuana), Appellants,

v.

The STATE of Texas, Appellee.

No. 12–96–00165–CV.

Court of Appeals of Texas,
Tyler.

Aug. 27, 1997.

Greg Gladden, Houston, for appellants.

Patrice C. Savage, William M. Jennings, Longview, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

HOLCOMB, Justice.

Charles Dade ("Dade") appeals the judgment of the trial court forfeiting $7,687.00, a Panasonic pager, and a controlled substance (marijuana). He asserts that there was insufficient evidence that the money had a nexus to a drug transaction, and that the costs of investigating, apprehending and prosecuting him was overwhelmingly disproportionate to the property forfeited, which constitutes punishment under Article 1, Section 14 of the TEXAS CONSTITUTION. We will affirm.

During a traffic stop for a traffic violation, Dade consented to a search of his vehicle, in which police officers discovered $7,687.00 in U.S. currency, 21.01 pounds of marijuana, and a Panasonic pager. Both a criminal indictment and a civil forfeiture were filed against Dade. On November 22, 1995, Dade entered a plea of guilty to the pending charges of intentionally and knowingly possessing a usable quantity of marihuana of less than fifty pounds but more than five pounds. He was assessed punishment at imprisonment for seven years. Dade filed a general denial in the forfeiture suit, then filed a Motion to Dismiss on double jeopardy grounds, and an Application for Writ of Habeas Corpus.

A hearing was held on Dade's Motion to Dismiss and Application for Writ of Habeas Corpus. The only evidence in the appellate record is a Stipulation of Evidence signed by both the State and Dade. Dade failed to file a Statement of Facts with this court for our review. The judgment recites that the court denies the motion and application and renders judgment in favor of the State in the forfeiture proceeding. The judgment continues as follows:

> The Court finds that the civil sanction imposed by Chapter 59 of the Code of Criminal Procedure is remedial in nature and not punitive. The Court further finds that the value of the property involved in the forfeiture is not overwhelmingly disproportionate to the actual damages. The Court further finds that the evidence pre-

sented to the Court, in the form of the Stipulation of Evidence, establishes that the property involved should be forfeited and that the $7,687.00 U.S. currency were proceeds or funds gained from the commission of a felony listed in the Texas Controlled Substances Act, to-wit: Possession of Marihuana of Less Than Fifty Pounds But More Than Five Pounds and that the Panasonic pager was used or intended to be used in the commission of a felony listed in the Texas Controlled Substances Act, to-wit: Possession of Marihuana of Less than Fifty Pounds But More Than Five Pounds and that the controlled substance involved itself, to-wit: marihuana was used or intended to be used in the commission of a felony.

In point of error one, Dade complains that the evidence was insufficient to prove that there was a nexus between the money and a drug transaction. In point of error two, he asserts that the property forfeited was overwhelmingly disproportionate to the cost of investigation, apprehension and prosecution of the suit.

■■■■ This is a case tried to the court without a jury. Either party was entitled to request the court to prepare findings of fact and conclusions of law,[1] but neither did so. When there are no findings of fact and conclusions of law, and no statement of facts included in the record on appeal, as in this case, we presume that all facts necessary to support the judgment have been found. *Guthrie v. National Homes Corp.,* 394 S.W.2d 494, 495 (Tex.1965); *Commercial Credit Corp. v. Smith,* 143 Tex. 612, 616, 187 S.W.2d 363, 365 (1945). Only in an exceptional case, "where fundamental error is presented, is an appellant entitled to a reversal of the trial court's judgment." *Carns v. Carns,* 776 S.W.2d 603, 604 (Tex.App.—Tyler 1989, no writ); *Ette v. Arlington Bank of Commerce,* 764 S.W.2d 594, 595 (Tex.App.—Fort Worth 1989, no writ). In the instant case, Dade has not claimed fundamental error. We hold, therefore, that the trial court found all facts necessary to support the judgment, and overrule points of error one and

two. The judgment of the trial court is affirmed.