TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00179-CV






Bobby E. Haley, Appellant



v.



Tax Appraisal District of Bell County, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT


NO. 176,316-C, HONORABLE SUE LYKES, JUDGE PRESIDING 








 For tax years 1998 and 1999, appellee the Tax Appraisal District of Bell County
sought delinquent taxes, penalties and interest for unpaid personal property taxes on a truck owned
by appellant Bobby E. Haley.(1) Following a bench trial, the district court signed a judgment in
favor of the district for the delinquent taxes, penalties and interest for both years and foreclosed
the tax lien on the property. See Tex. Tax Code Ann. § 32.01(a), (d) (West Supp. 2000) (lien
attaches each January 1 to secure payment of taxes, penalties and interest imposed and is perfected
upon attachment). Haley appeals. We will affirm.

 When, as here, there are no findings of fact and conclusions of law and no
reporter's record, we presume that all the facts necessary to support the judgment have been
found. $7,687.00 U.S. Currency v. State, 963 S.W.2d 775, 776 (Tex. App.--Tyler 1997, no
pet.). Without findings of fact or a reporter's record, there is little basis for review. Carns v.
Carns, 776 S.W.2d 603, 604 (Tex. App.--Tyler 1989, no writ). Unless there is fundamental error
or the district court exceeded its jurisdiction, the appellate court presumes the judgment is
supported by the evidence. Id. Haley proceeded in the district court and proceeds in this Court
pro se.(2) 

 Haley argues that the district court lacked jurisdiction. Personal jurisdiction is
composed of two elements: (1) the defendant must be amenable to the jurisdiction of the court;
and (2) if amenable to the court's jurisdiction, the plaintiff must validly invoke that jurisdiction
by valid service of process on the defendant. Ex parte Bowers, 886 S.W.2d 346, 350 (Tex.
App.--Houston [1st Dist.] 1994, writ dism'd w.o.j.). Haley admits that he is a resident of Bell
County. The record also contains the sheriff's return of citation by personal service indicating the
date and time the sheriff obtained personal service on Haley. Thus, the district court had personal
jurisdiction over Haley. A suit for delinquent taxes must be brought in a court of competent
jurisdiction for the county in which the tax was imposed. Tex. Tax Code Ann. § 33.41(a) (West
Supp. 2000); Valero Transmission Co. v. Hays Consol. ISD, 704 S.W.2d 857, 863 n.4 (Tex.
App.--Austin 1985, writ ref'd n.r.e.). The district court has exclusive jurisdiction for suits to
collect delinquent taxes, penalties and interest and for foreclosure of tax liens. International Paper
Co. v. State, 380 S.W.2d 18, 21 (Tex. Civ. App.--Texarkana 1964, writ ref'd n.r.e.). Haley
admits the property at issue is in Bell County. The district brought their collection lawsuit in Bell
County district court. Thus, the district court had subject matter jurisdiction. We overrule this
issue. 

 Without a reporter's record or findings of fact, we must presume that the appraisal
district presented the district court with the appropriate proof of the delinquent taxes, penalties and
interest. See Tex. Tax Code Ann. § 33.47(a) (West Supp. 2000). Once the appraisal district
proved its prima facie case, Haley was then required to present a defense. In a suit for collection
of delinquent taxes to enforce personal liability for the tax, the only affirmative defense is lack of
ownership. Tex. Tax Code Ann. § 42.09(b)(1) (West 1992). We presume, as we must, that
Haley failed to offer probative evidence of the defense of lack of ownership. 

 Haley also argues that the district's delinquent tax collection procedures violate his
right to privacy, that the lien on his personal property was obtained by fraudulent means and
without due process of law, and that the chief appraiser for the district conspired with the district
judge to take his property. Haley failed to raise these matters in the district court and cannot raise
them for the first time on appeal. Tex. R. App. P. 33.1(a); Oxford Finance Cos., Inc. v. Velez,
807 S.W.2d 460, 465 (Tex. App.--Austin 1991, writ denied). Even if these issues were properly
before us, without a reporter's record there is nothing for us to review. Moreover, these
allegations do not constitute fundamental error. The issues are overruled. 

 Haley also seeks various forms of relief which this Court cannot consider.(3) To the
extent these requests for relief are issues on appeal, they are overruled. 

 Haley also filed a motion styled "Notice of Default/Motion to Quash/Motion to
Dismiss." In this motion Haley asserts he is a sovereign and not subject to law. In addition, he
asserts that the chief appraiser's failure to "define the charges" against Haley, subjects the chief
appraiser to default. He further alleges that this Court is without jurisdiction because the chief
appraiser failed to file a verified complaint and proof of jurisdiction. Given our disposition of the
merits of Haley's appeal, we overrule this motion. 







 Having overruled all of Haley's issues, we affirm the district court's judgment. 



 

 Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Jones*

Affirmed

Filed: January 11, 2001

Do Not Publish












* Before J. Woodfin (Woodie) Jones, Judge (former), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(a)(1) (West 1998).


1. The Tax Appraisal District of Bell County collects taxes for the City of Temple, Temple
Independent School District, Temple Junior College and the County of Bell. 
2. Pro se litigants are not excused from complying with applicable rules of procedure: "Neither
is [the right of self-representation] a license not to comply with the relevant rules of procedural
and substantive law." Faretta v. California, 422 U.S. 806, 834 n.46 (1975). As stated by the
Texas Supreme Court:


There cannot be two sets of procedural rules, one for litigants with counsel and the
other for litigants representing themselves. Litigants who represent themselves must
comply with the applicable procedural rules, or else they would be given an unfair
advantage over litigants represented by counsel. 


Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978); Chandler v. Chandler, 991
S.W.2d 367, 378-79 (Tex. App.--El Paso 1999, pet. denied), cert. denied, 120 S.Ct. 1557 (April
3, 2000).
3. Haley styles his brief as a brief, a petition, a verified complaint, a demand, and a judgment. 
The brief also purports to be an affidavit. Haley requests relief under the 4th and 5th Amendments
of the United States Constitution, 42 U.S.C. § 1983, and 18 U.S.C. § 241, 242, and another
United States Code provision for which he did not cite the title and which we are unable to locate. 
Haley also requests that this truck be returned within ten days with all liens removed, seeks
damages for personal and emotional harm and to have his credit cleared. In addition, Haley
demands over four million dollars in damages from the district and the chief appraiser for
"Attempted Genocide []destroying a family, their way of earning a living under color of law and
pretended law to be paid under United States code 1091."


, Haley was then required to present a defense. In a suit for collection
of delinquent taxes to enforce personal liability for the tax, the only affirmative defense is lack of
ownership. Tex. Tax Code Ann. § 42.09(b)(1) (West 1992). We presume, as we must, that
Haley failed to offer probative evidence of the defense of lack of ownership. 

 Haley also argues that the district's delinquent tax collection procedures violate his
right to privacy, that the lien on his personal property was obtained by fraudulent means and
without due process of law, and that the chief appraiser for the district conspired with the district
judge to take his property. Haley failed to raise these matters in the district court and cannot raise
them for the first time on appeal. Tex. R. App. P. 33.1(a); Oxford Finance Cos., Inc. v. Velez,
807 S.W.2d 460, 465 (Tex. App.--Austin 1991, writ denied). Even if these issues were properly
before us, without a reporter's record there is nothing for us to review. Moreover, these
allegations do not constitute fundamental error. The issues are overruled. 

 Haley also seeks various forms of relief which this Court cannot consider.(3) To the
extent these requests for relief are issues on appeal, they are overruled. 

 Haley also filed a motion styled "Notice of Default/Motion to Quash/Motion to
Dismiss." In this motion Haley asserts he is a sovereign and not subject to law. In addition, he
asserts that the chief appraiser's failure to "define the charges" against Haley, subjects the chief
appraiser to default. He further alleges that this Court is without jurisdiction because the chief
appraiser failed to file a verified complaint and proof of jurisdiction. Given our disposition of the
merits of Haley's appeal, we overrule this motion. 







 Having overruled all of Haley's issues, we affirm the district court's judgment. 



 

 Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Jones*

Affirmed

Filed: January 11, 2001

Do Not Publish












* Before J. Woodfin (Woodie) Jones, Judge (former), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(a)(1) (West 1998).


1. The Tax Appraisal District of Bell County collects taxes for the City of Temple, Temple
Independent School District, Temple Junior College and the County of Bell. 
2. Pro se litigants are not excused from complying with applicable rules of procedure: "Neither
is [the right of self-representation] a license not to comply with the relevant rules of procedural
and substantive law." Faretta v. California, 422 U.S. 806, 834 n.46 (1975). As stated by the
Texas Supreme Court:


There cannot be two sets of procedural rules, one for litigants with counsel and the
other for litigants representing themselves. Litigants who represent themselves must
comply with the applicable procedural rules, or else they would be given an unfair
advantage over litigants represented by counsel. 


Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978); Chandler v. Chandler, 991
S.W.2d 367, 378-79 (Tex. App.--El Paso 1999, pet. denied), cert. denied, 120 S.Ct. 1557 (April
3, 2000).
3. Haley styles his brief as a brief, a petition, a verified complaint, a demand, and a judgment. 
The brief also purports to be an affidavit. Haley requests relief under the 4th and 5th Amendments
of the United States Constitution, 42 U.S.C. § 1983, and 18 U.S.C. § 241, 242, and another
United States Code provision for which he did not cite the title and which we are unable to locate. 
Haley also requests that this truck be returned within ten days with all liens removed, seeks
damages for personal and emotional harm and to have his credit cleared. In addition, Haley
demands over four million dollars in damages from the district and the chief appraiser for
"Attempted Genocide []destroying a family, their way of earning a living under color of law and
pretended law to be paid under United States code 1091."


, Haley was then required to present a defense. In a suit for collection
of delinquent taxes to enforce personal liability for the tax, the only affirmative defense is lack of
ownership. Tex. Tax Code Ann. § 42.09(b)(1) (West 1992). We presume, as we must, that
Haley failed to offer probative evidence of the defense of lack of ownership. 

 Haley also argues that the district's delinquent tax collection procedures violate his
right to privacy, that the lien on his personal property was obtained by fraudulent means and
without due process of