NO. 12-03-00226-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS



§
 


IN RE: K. T.,
§
 ORIGINAL PROCEEDING

RELATOR

§
 






MEMORANDUM OPINION


 Relator K.T. seeks a writ of habeas corpus contending that she was committed to the Texas
Youth Commission without allegations and proof of prior offenses as required by Section 54.05 of
the Texas Family Code. Therefore, K.T. argues, her commitment is unlawful. 

 A petition for writ of habeas corpus must include proof that the relator is being restrained. 
Tex. R. App. P. 52.3(j)(1)(D). Here, Relator alleges that she is illegally restrained, but furnishes no
proof of restraint. A petition for writ of habeas corpus, though sworn to, is not proof of the facts
stated therein. Ex parte Crawford, 506 S.W.2d 920, 921 (Tex. Civ. App.-Tyler 1974, orig.
proceeding). Ordinarily, where a person is restrained by a writ, order or process, a copy of the
document authorizing the restraint must be annexed to the petition and must show the action taken
by the person executing same. Id. The record before us fails to contain an order of commitment or
any other evidence showing that Relator is actually confined or restrained. Therefore, Relator
presents no evidence of restraint sufficient to invoke our jurisdiction. See id. Accordingly, Relator's
petition for writ of habeas corpus is denied.

 JAMES T. WORTHEN 

 Chief Justice

Opinion delivered July 16, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.



(PUBLISH)