

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00135-CV

## IN RE STEVEN BROOMFIELD AND LISA BROOMFIELD

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

Relators, Steven Broomfield and Lisa Broomfield, have filed a petition for a writ of mandamus asking this Court to direct the Honorable Lauren Parish, a visiting judge for the County Court at Law of Panola County, Texas, to grant a mandatory transfer of venue under Section 155.201(a-1) of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 155.201(a-1) (Supp.). Because we conclude that the petition is not properly certified and the attached documents are not properly certified or sworn to, as required by the Texas Rules of Appellate Procedure, we deny the requested relief.

"Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion . . . and (2) the absence of a clear and adequate remedy at law." *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (citing *Cantu v. Longoria*, 878 S.W.2d 131, 132 (Tex. 1994) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding)). "It is the relator's burden to provide this Court with a sufficient record to establish his or her right to mandamus relief." *Id.* (citing *Walker*, 827 S.W.2d at 839–40; *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.— Texarkana 2006, orig. proceeding); TEX. R. APP. P. 52.3).

Rule 52.7 of the Texas Rules of Appellate Procedure, titled "Record," provides that a party petitioning for a writ of mandamus must file "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." TEX R. APP. P. 52.7(a)(1). Also, Rule 52.3(k)(1)(B) of the Texas Rules of Appellate Procedure states, "The appendix . . . must contain . . . a certified or sworn copy of any order complained of,

or any other document showing the matter complained of." TEX R. APP. P. 52.3(k)(1)(B). Relators failed to comply with these rules. Several of the documents included in Relators' appendix are neither certified nor sworn to. While Relators' attorney included an affidavit to authenticate the mandamus record, the affidavit lacks the signature and seal of a notary public.

"'Because the record in a mandamus proceeding is assembled by the parties,' we must 'strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record.'" *In re Long*, 607 S.W.3d 443, 445 (Tex. App.—Texarkana 2020, orig. proceeding) (alteration in original) (quoting *In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *1 (Tex. App.—Dallas Mar. 22, 2019, orig. proceeding) (mem. op.)). For the foregoing reasons, we conclude that Relators have failed to comply with the Texas Rules of Appellate Procedure and have not met their burden to provide a record sufficient to show they are entitled to mandamus relief.

Accordingly, we deny Relators' petition for a writ of mandamus, and we deny as moot Relators' motion for emergency stay filed in conjunction with the petition.

Relators also attack the credibility of the trial court's contempt order and seek habeas relief. "As a general rule, the validity of a contempt judgment can only be attacked collaterally by habeas corpus." *Ex parte Sealy*, 870 S.W.2d 663, 666 (Tex. App.—Houston [1st Dist.] 1994, no writ) (citing *Deramus v. Thornton*, 333 S.W.2d 824, 827 (Tex. 1960) (orig. proceeding)). "In such a review, the appellate court is limited to the determination of whether the commitment order is void." *Id.* (citing *Doss v. Doss*, 521 S.W.2d 709, 711 (Tex. App.—Houston [14th Dist.] 1975, no writ)). "Although it is not necessary for an applicant for a writ of habeas corpus to be

actually confined in jail, the applicant must suffer some restraint to justify the issuance of the writ." *Id.* (citing *Ex parte Calhoun*, 91 S.W.2d 1047, 1048 (Tex. 1936) (orig. proceeding); *Deramus*, 333 S.W.2d at 832 ("because the relator was not under restraint, an application for writ of habeas corpus would be premature"); TEX. R. APP. P. 120(b)(6) ("petition for writ of habeas corpus must be accompanied by proof of restraint of relator")). "A mere judgment of contempt will not justify the granting of a writ of habeas corpus." *Id.* (citing *Ex parte Calhoun*, 91 S.W.2d at 1048; *Ex parte Crawford*, 506 S.W.2d 920, 921 (Tex. App.—Tyler 1974, orig. proceeding) (per curiam)). Relators are not under restraint.

Accordingly, we deny the Broomfields' petition for a writ of mandamus. *See id.*

Charles van Cleef
Justice

Date Submitted:    December 22, 2025
Date Decided:    December 22, 2025

4