

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-26-00138-CV

———————————————

IN RE ARIANNA VICTORIA LAW, Relator

---

Original Proceeding
233rd District Court of Tarrant County, Texas
Trial Court No. 233-632689-18

---

Before Birdwell, Kerr, and Walker, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

The court has considered Relator Arianna Victoria Law's petition for writ of habeas corpus and motion for emergency relief and is of the opinion that—for lack of an adequate record—relief should be denied. Accordingly, Law's petition for writ of habeas corpus and motion for emergency relief are denied.

## I. Background

The associate judge signed an order that held Law in contempt for failing to pay child and medical support, committed her to county jail for 90 days, granted judgment for arrearages in favor of Matthew Wayne Rasnick, suspended Law's commitment, and placed her on community supervision for five years. A few months later, Rasnick filed a motion to revoke the suspension of Law's commitment. And on February 20, 2026, both the associate judge and the district judge signed an order of commitment authorizing Law's incarceration in the county jail for 90 days based on an unspecified contempt order. Law filed this petition for writ of habeas corpus. The above is the extent of the record that she has provided us.

## II. Discussion

In Law's petition, she argues that she is entitled to relief from the order of commitment because such an order is void when the underlying enforcement motion fails to strictly comply with Section 157.002 of the Texas Family Code, which, she contends, requires the motion to quote verbatim the provisions allegedly violated. *See*

Tex. Fam. Code Ann. § 157.002(a)(1).[1] But Rasnick did not file a motion for enforcement; he filed a motion to revoke suspension of commitment, which is governed by Section 157.214. *See id.* § 157.214 ("Motion to Revoke Community Supervision"). Law does not argue that Rasnick's motion failed to comply with Section 157.214.

Law also argues that the trial court did not conduct an evidentiary hearing and that, to the extent that it conducted a non-evidentiary hearing, there is no reporter's record of the hearing.[2] She contends that her due process rights were violated. But she has not provided a record sufficient to support this contention.

In an original proceeding, the relator bears the burden of providing a record that is sufficient to establish a right to relief. *In re Inmon*, 703 S.W.3d 852, 853 (Tex. App.—Austin 2024, orig. proceeding) (op. on reh'g). A petition for writ of habeas corpus, even though sworn to, is not proof of the facts stated therein. *Ex parte Steele*, No. 01-91-00795-CV, 1992 WL 12557, at *2 (Tex. App.—Houston [1st Dist.] Jan. 30, 1992, orig. proceeding) (not designated for publication); *Ex parte Linder*, 783 S.W.2d 754, 760 (Tex. App.—Dallas 1990, orig. proceeding) (en banc); *Ex parte Lewis*, No. 01-86-0178-CV, 1986 WL 12156, at *1 (Tex. App.—Houston [1st Dist.] Oct. 30, 1986,

---

[1] Section 157.002(a)(1) does not require that the provisions be quoted verbatim. *See id.*

[2] Law's petition takes inconsistent positions. Initially she states that "a reporter's record [is] not yet available." Later she asserts that "no record was made." Still later, she contends no hearing occurred: "Despite the absence of a hearing . . . , the Associate Judge revoked [her] suspended commitment and ordered her confinement."

orig. proceeding) (not designated for publication); *Ex parte Crawford*, 506 S.W.2d 920, 921 (Tex. App.—Tyler 1974, orig. proceeding) (per curiam).

On the record that Law has provided us, we cannot tell

• if the trial court had an evidentiary hearing, a non-evidentiary hearing, or no hearing at all;

• if a court reporter was present or not present to record the testimony (if any) and arguments;

• if the trial court granted Rasnick's motion to revoke the suspension of Law's commitment;

• if, assuming the trial court granted Rasnick's motion, it did so on all the grounds asserted in the motion to revoke or on only some of the grounds;

• if the trial court reduced its ruling to a written order, relied on an oral ruling as reflected in a reporter's record, relied on a ruling as reflected in a docket-sheet entry, or ruled without having its ruling reflected in any record; or

• if (1) the commitment order was the product of an evidentiary hearing before an associate judge reviewed by the district judge based on the evidence presented to the associate judge, (2) the commitment order was the product of an evidentiary hearing before an associate judge reviewed de novo before the district judge, (3) the commitment order was the product of a hearing strictly before the associate judge, (4) the commitment order was the product of a hearing strictly before the district judge, or (5) some other procedure.

We asked the real parties in interest to file a response in hopes of clarification. The Child Support Division of the Office of the Attorney General filed a letter declining to respond. Rasnick did not respond at all.

Nevertheless, Law has not provided us a record sufficient to carry her burden of showing her right to relief. *See Inmon*, 703 S.W.3d at 853. Counsel's assertions in the petition are insufficient. *See Steele*, 1992 WL 12557, at *2; *Linder*, 783 S.W.2d at 760;

4

*Lewis*, 1986 WL 12156, at *1; *Crawford*, 506 S.W.2d at 921. If the trial court is committing contemnors to jail without evidence, without a court reporter present, and without any record of its ruling, the record that Law has presented us is not sufficient to make that showing.

### III. Conclusion

We deny Law's petition for writ of habeas corpus and motion for emergency relief.

Per Curiam

Delivered: March 13, 2026