

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-26-00023-CV

---

## IN RE STEVEN BROOMFIELD AND LISA BROOMFIELD

---

Original Mandamus Proceeding

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Relators, Steven Broomfield and Lisa Broomfield, have filed an "Emergency Petition for [a] Writ of Mandamus," "Application for Emergency Habeas Relief," and "Motion to Declare Contempt Void for Lack of Jurisdiction." Relators' petition for a writ of mandamus asks this Court "to compel the trial court to perform its ministerial duty to transfer the case and to prohibit further exercise of jurisdiction beyond that act." As to their habeas request, Relators further request emergency habeas relief for Steven, who they argue is being "held unjustly," and they further seek "an order declaring void any orders of the trial court made after the trial court impermissibly denied Relators' motion to transfer." Because we hold that the trial court did not err in denying Relators' motion to transfer due to Relators engaging in unjustifiable conduct in moving B.B.J.[1] against court orders, we deny all requested relief.

"Mandamus relief is an extraordinary remedy available only on a showing that (1) the trial court clearly abused its discretion and (2) the party seeking relief lacks an adequate remedy on appeal." *In re Ill. Nat'l Ins. Co.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding). "The relator is obligated to provide this Court with a record sufficient to establish his right to mandamus relief." *In re Shugart*, 528 S.W.3d 794, 795 (Tex. App.—Texarkana 2017, orig. proceeding) (citing *Walker v. Packer*, 827 S.W.3d 833, 837 (Tex. 1992) (orig. proceeding); TEX. R. APP. P. 52.3).

The underlying suit affecting the parent-child relationship (SAPCR) was filed in Panola County. On August 29, 2023, the Honorable Rick McPherson, sitting judge in the County Court

---

[1]To protect the child's identity, we use initials for the child and for his family members. *See* TEX. R. APP. P. 9.8.

at Law (CCL) of Panola County, entered an order by letter, which included a residence restriction, requiring that B.B.J. remain in Panola County or "any county in Texas contiguous to Panola County." On December 2, 2025, Relators filed an original petition seeking to terminate the parental rights of B.B.J.'s biological parents and further seeking adoption of B.B.J. in Smith County, where they alleged they had lived with B.B.J. for the preceding six months. Relators then filed a "Motion for Mandatory Transfer of Venue" under Sections 155.201 and 155.204 of the Texas Family Code, stating that B.B.J. had been a resident of Smith County for more than six months. *See* TEX. FAM. CODE ANN. §§ 155.201, 155.204 (Supp.)

The Panola County CCL "heard the evidence on Movant [C.A.'s] Third Amended Motion for Enforcement of Possession and Access" and found that Judge McPherson's August 29, 2023, letter was a valid and enforceable order and that Relators had thirty-six violations as to the orders of the court. The Panola County CCL stated that Relators

> are hereby found in violation of court orders as set out above. For each of these 36 violations, [Relators] are hereby held in Contempt and are sentenced to 60 days in the Panola County Jail for each violation to run concurrently. [Relators] are hereby ordered to serve 10 days of that sentence upfront with the remaining 50 days probated for ten years under the supervision of the Panola County Community Supervision Department. Further, once [Relators] have completed the above 10-day jail term, each shall post a $1000 cash bond as security for compliance with the Court's order granting possession of or access to the child.

A hearing was scheduled for December 22, 2025. It was noted, via email, that the ten-day jail sentence for Relators would begin that day. C.A. subsequently filed a controverting affidavit related to Relators' motion for mandatory transfer, in which she stated that she remained living in Panola County and did not consent to the move of B.B.J. outside of the geographic area set by

3

the trial court's order.[2]  While Relators did not provide a copy of the order, they state that the motion to transfer venue was denied on February 16, 2026, and subsequently, on a new motion to enforce, the trial court found that Relators remained in contempt of court and issued an order for their arrest and confinement for the remainder of their sentence, fifty days.  Steven is currently being held in the Panola County Jail, and capias was issued for the arrest of Lisa.

> Regardless of whether [Real Party's] affidavit controverting was sufficient, the question before us is whether transfer of venue to a county not authorized by the existing custody order is proper.  We recognize that transfer of a case to a county where the child has resided for more than six months is a mandatory ministerial duty under section 155.201 of the Family Code.  *See* TEX. FAM. CODE ANN. § 155.201; *see also Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987) [(per curiam) (orig. proceeding)].  But before a trial court transfers venue, a proper county for transfer must be identified.  *Huey v. Huey*, 200 S.W.3d 851, 853 (Tex. App.—Dallas 2006, no pet.).  Venue is a matter of personal privilege that a party may expressly or impliedly waive.  *Id.*

*In re Christon*, 698 S.W.3d 597, 599 (Tex. App.—Waco 2024, orig. proceeding).  Here, as in *In re Christon*, there was a SAPCR order in effect which contained a geographic restriction, and because of that restriction, Smith County is not an authorized county to establish B.B.J.'s residence.  *See id.* at 599–600.  There was never a motion filed to modify the geographic restriction.  Relators' conduct was an attempt to establish B.B.J.'s residence and thus venue in a county barred by the underlying SAPCR orders.  As such, we conclude that Smith County is not the proper county to which transfer must be made by the trial court that maintains continuing, exclusive jurisdiction.  *See id.* (citing *Huey*, 200 S.W.3d at 853).

---

[2]Relators state that they were both committed to the Panola County Jail for a period of ten days pursuant to the contempt order.  Relators filed a petition for a writ of mandamus and sought habeas relief, which was denied.  *In re Broomfield*, No. 06-25-00135-CV, 2025 WL 3718400, at *2 (Tex. App.—Texarkana Dec. 22, 2025, orig. proceeding) (mem. op.).  Relators also filed a petition for a writ of mandamus seeking to have the trial court rule on their transfer of venue motion, which was also denied.  *In re Broomfield*, No. 06-26-00004-CV, 2026 WL 308318, at *2 (Tex. App.—Texarkana Feb. 5, 2026, orig. proceeding) (mem. op.).

Because the trial court was not required to transfer the matter to a county without proper jurisdiction, the trial court in Panola County maintained jurisdiction over this matter, and Relators' arguments that any orders entered after they moved to transfer venue are not persuasive. Accordingly, we deny Relators' petition for a writ of mandamus.

Relators also attack the credibility of the trial court's contempt order and seek habeas relief and the immediate release of Steven. "As a general rule, the validity of a contempt judgment can only be attacked collaterally by habeas corpus." *Ex parte Sealy*, 870 S.W.2d 663, 666 (Tex. App.—Houston [1st Dist.] 1994, no writ) (citing *Deramus v. Thornton*, 333 S.W.2d 824, 827 (Tex. 1960) (orig. proceeding)). "In such a review, the appellate court is limited to the determination of whether the commitment order is void." *Id.* (citing *Doss v. Doss*, 521 S.W.2d 709, 711 (Tex. App.—Houston [14th Dist.] 1975, no writ)).

Relators' actions in moving B.B.J. outside of the geographic restriction were an intentional violation of the trial court's order. Relators argue that the trial court was devoid of jurisdiction to enter any orders of contempt once they initiated a mandatory transfer. However, having already determined that the trial court did not err in failing to transfer this matter to Smith County, we find that the trial court's jurisdiction remained intact when it rendered the order of contempt. We deny Relators' request for habeas relief.

Relators' petition for a writ of mandamus is denied.



                                                  Scott E. Stevens
                                                  Chief Justice

Date Submitted:     March 13, 2026
Date Decided:       March 16, 2026